UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

JAN 1 7 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LORENZO GORDON, | ) |
| | ) |
| Defendant. | ) |

4:24CR022 RWS/SPM

## INDICTMENT

The Grand Jury Charges:

## BACKGROUND

At all times relevant to the Indictment:

1.      The defendant LORENZO GORDON resided within the Eastern District of Missouri.

2.      The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in economic recovery after disasters.

3.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), is a federal law that was enacted in March 2020 in conjunction with a major disaster declaration under Section 501 of the Robert T. Stafford Disaster Relief and

1

Emergency Assistance Act to provide emergency financial assistance to the millions of Americans suffering the economic impact caused by the COVID-19 pandemic.

4.      One source of relief provided for in the CARES Act is the authorization of forgivable loans to small businesses for job retention and certain other expenses, through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salary or wages to their employees.

5.      To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, signed by an authorized representative of the business. The PPP loan application required the business to acknowledge the program rules and make certain affirmative certifications to obtain the PPP loan.  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to certify that the small business was in operation on February 15, 2020, as well as the average monthly payroll expenses and/or the total amount of gross income and the number of employees. These certifications were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for PPP loans were required to submit documentation supporting their payroll expenses.

6.      A PPP loan application was then processed by a participating lender. If a PPP loan application was approved, the participating lender funded the loan using its own monies, which were then guaranteed by the SBA.

7.      PPP loan funds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities for the business. Under the applicable PPP rules

2

and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan toward payroll expenses.

8. Another source of relief provided for in the CARES Act was the Economic Injury Disaster Loan Program (EIDL). EIDL further allowed for the SBA to offer funding to business owners negatively affected by the COVID-19 pandemic.

9. EIDL applications were submitted by business representatives via the SBA online portal. Applicants submitted their personal and business information in support of each EIDL application, including the size of the affected business, the ownership of the business, number of employees for the business, and gross business revenues realized in the 12 months prior to COVID-19 impact on the national economy. Applicants were required to submit documentation verifying this information.

10. In addition to EIDL funding, applicants could also request and receive up to $10,000.00 in an EIDL Cash Advance Grant, based on the number of employees claimed. That grant was not required to be repaid.

11. EIDL applications included a paragraph wherein the applicant affirmed that the information submitted is true and correct under the penalty of perjury and applicable criminal statutes.

12. The servers receiving the EIDL applications via the SBA online portal were located in Virginia, Iowa, and Washington state.

3

## COUNTS 1 THROUGH 3
### 18 U.S.C. § 1343: Wire Fraud

### THE SCHEME TO DEFRAUD

13.     The allegations in Paragraphs 1 through 12 are hereby realleged and incorporated herein.

14.     The defendant, LORENZO GORDON, caused to be prepared and submitted to the Small Business Administration multiple applications for PPP and EIDL loans for multiple businesses, said businesses representing fictional businesses and new businesses.

15.     The defendant caused the electronic submission of the EIDL applications from the Eastern District of Missouri via the SBA portal for EIDL loans.

16.     The PPP and EIDL loan applications submitted by the defendant or caused to be submitted by the defendant sought loan and grant funds, the issuance of which was authorized in connection with a major disaster declaration under Section 501 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

17.     Following the submission of the EIDL applications as described below, the SBA issued the EIDL funding, either as an advance or as a loan, which was electronically transmitted from the SBA to bank accounts controlled by the defendant.

18.     Following the submission of the PPP application as described below, Prestamos issued the PPP loan, which was electronically transmitted from Prestamos to bank accounts controlled by the Defendant.

4

## MANNER AND MEANS

19.     It was part of the scheme that on or about June 19, 2020, the defendant, LORENZO

GORDON, caused the submission of an EIDL loan application in the name of Logo Fitness, LLC.

In the application, the defendant falsely stated that Logo Fitness, LLC had gross revenues of

$96,475 in the 12 months prior to the COVID pandemic when, in truth and in fact and as the

defendant well knew, Logo Fitness, LLC was established in 2020 and had not had that amount of

gross revenues in the 12 months prior to the COVID pandemic. As a result of the false and

fraudulent representations submitted by the defendant in the Logo Fitness, LLC EIDL application,

the SBA issued an advance of $9,000 on or about June 23, 2020, and a loan of $39,200 on or about

June 26, 2020, to a bank account controlled by the defendant.

20.     It was further part of the scheme that on or about June 22, 2020, the defendant,

LORENZO GORDON, caused the submission of an EIDL loan application in the name of Elite

50 Basketball Training, LLC.  In the application, the defendant falsely stated that Elite 50

Basketball Training, LLC had gross revenues of $234,656 in the 12 months prior to the COVID

pandemic when, in truth and in fact and as the defendant well knew, Elite 50 Basketball Training,

LLC was established in 2020 and had not had that amount of gross revenues in the 12 months prior

to the COVID pandemic.  As a result of the false and fraudulent representations submitted by the

defendant in the Elite 50 Basketball Training, LLC loan application, the SBA issued an advance

of $10,000 on or about June 23, 2020, and a loan of $107,300 on or about June 29, 2020, to a bank

account controlled by the defendant.

21.     It was further part of the scheme that on or about April 16, 2021, the defendant, LORENZO GORDON, caused the submission of a PPP loan application in the name of Lorenzo Gordon, janitorial services. In the application, the defendant falsely stated that he was a sole proprietor of a janitorial service business since May 2017 when, in truth and in fact and as the defendant well knew, the defendant was not a sole proprietor of a janitorial service. As a result of the false and fraudulent representations submitted by the defendant in the Lorenzo Gordon, janitorial services loan application, Prestamos issued a loan of $20,832 on or about April 29, 2021, to a bank account controlled by the defendant.

## THE WIRE TRANSMISSIONS

22.     On or about the dates set forth below, in the Eastern District of Missouri and elsewhere, the defendant,

## LORENZO GORDON,

having devised and intended to devise a scheme to obtain money by means of materially false and fraudulent pretenses, representations and promises, as specifically described in the paragraphs above, for the purpose of executing the scheme described above, and in attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE OF SUBMISSION | BUSINESS NAME | WIRE TYPE |
|-------|--------------------|--------------|-----------|
| 1 | 6/19/2020 | Logo Fitness, LLC | EIDL Application |
| 2 | 6/22/2020 | Elite 50 Basketball Training LLC | EIDL Application |

6

| 3 | 4/29/2021 | Lorenzo        Gordon (Janitorial Services) | PPP Application |

All in violation of Title 18, United States Code, Section 1343.

### COUNT 4
### 18 U.S.C. § 641: Theft of Government Property

23.    Paragraphs 1 through 22 of this Indictment are realleged and incorporated herein.

24.    From on or about May 19, 2020, through on or about April 29, 2021, within the

Eastern District of Missouri, the defendant,

### LORENZO GORDON,

did embezzle, steal, purloin, or knowingly convert to his or her use and the use of another, money

of the United States or of any department or agency thereof, or any property made or being made

under contract for the United States or any department or agency thereof, to wit: PPP loans and

EIDL loans and advances paid by the Small Business Administration in connection with the

COVID-19 national emergency declaration, in excess of $272,774, creating a total loss to the

government in excess of $1,000.00.

In violation of Title 18, United States Code, Section 641.

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1.       Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 3, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation, which is at least $272,774.

2.       Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 641 as set forth in Count 4, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

3.       If any of the property described above, as a result of any act or omission of the defendant:

        a.       cannot be located upon the exercise of due diligence;

        b.       has been transferred or sold to, or deposited with, a third party;

        c.       has been placed beyond the jurisdiction of the court;

        d.       has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided

without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING,
United States Attorney

_____
DIANE E.H. KLOCKE, #61670MO
Special Assistant United States Attorney

9